## KOONCE *v.* FORDYCE LUMBER COMPANY.

### Opinion delivered March 20, 1916.

1. DEEDS—SECOND CONVEYANCE BY GRANTOR.—One who conveys a tract of land and thereafter executes a second conveyance with the intent to defeat the first, or with knowledge that such conveyance will be used for that purpose, commits an actionable wrong against the first grantee, who holds an unrecorded deed.

2. DEEDS—CONVEYANCE OF TIMBER—SUBSEQUENT CONVEYANCE OF LAND WITHOUT RESERVATION.—Appellant deeded the timber upon certain land to appellee, but appellee did not record the deed. Thereafter appellant deeded the land to a third party without reserving the timber. The property was deeded to innocent parties who had no knowledge of the timber deed to appellee. *Held,* appellant would be responsible to appellee for the loss of the timber.

Appeal from Dallas Circuit Court; *Turner Butler,* Judge; affirmed.

STATEMENT BY THE COURT.

Appellee brought suit to recover the value of timber taken from certain lands in Dallas County.

The lumber company purchased the timber on the lands in question in 1908 from appellants and the same was conveyed to them by a warranty deed granting twenty years in which to remove the timber. On July 11, 1913, appellant Koonce conveyed his one-half undivided interest in the lands to appellant, McKee, by deed without reserv-

ing or excepting the timber therefrom. On February 13, 1914, McKee conveyed to R. S. Treadway and W. J. Key without any exception or reservation of the timber and the deed was recorded on the 28th of February. This deed contained some lands on which the right of the lumber company to cut timber had expired, and a lien was retained therein to secure the unpaid purchase money and subsequently on March 23, 1914, McKee and wife executed a quit claim deed to said grantees releasing the vendor's lien. On March 19, 1914, Treadway and Key conveyed all the standing timber on the lands to Cox and Richardson, who in the suit of the lumber company against them, were held to be innocent purchasers thereof, and entitled to the timber, after which decree appellee company instituted this suit. Its deed to the timber was not recorded until April 13, 1914.

Appellants first demurred to the complaint for misjoinder of parties and upon the demurrer being overruled, answered admitting the making of the conveyances of the timber and lands at the time alleged and stated that the deed from Koonce to McKee of the one-half interest in the land was not intended to and did not convey the timber, which both parties knew belonged to the lumber company and was only intended to convey the lands, that therefore no reservation or exception of the timber was made therein; that upon the making of the deed to Treadway and Key, it was understood between the parties that the timber upon the lands was not conveyed although no exception or reservation was contained in the deed; that said grantees knew that the lumber company was the owner of the timber.

They denied any liability to the lumber company for the loss of the timber and alleged that if any damage or loss was suffered, it was on account of the failure of the company to record its deed to the timber, which they supposed had been recorded. The timber conveyed to the lumber company by appellants' deed and lost to them by their subsequent conveyances of the land without reservation or exception of the timber as set out, was shown

to be worth the sum of $3,500. Koonce and McKee testified denying any intention to wrong the lumber company or deprive it of the timber sold to it by the later conveyances of the land, each testifying that they notified the grantees down to and including Treadway and Key that the timber belonged to the lumber company and did not pass with the conveyance of the land. They also stated that they had no information that the timber deed was not recorded and in fact supposed it had been recorded before making such conveyances.

The court refused to give any of appellants requested instructions and denied the motion to require appellees to elect which defendant it would proceed against, the liability being claimed to be several and not joint. It thereupon directed the jury to return a verdict for the lumber company and from the judgment thereon, this appeal is prosecuted.

*Wynne & Harrison* and *Daggett & Daggett,* for appellants.

1. It is conceded that one who conveys land and then executes a second conveyance with the intent to defeat the prior title, or even with knowledge that such conveyance will be used for that purpose commits an actionable wrong. But this is a different case. Appellants had a right to sell the land and did so, giving the purchasers notice of the rights of appellee. The case in 26 L. R. A. (N. S.) does not control, but is easily distinguished. 18 Minn. 405; 10 Am. Rep. 201; 22 Minn. 405.

2. Notice of an unrecorded deed is equivalent to a record of it. 14 Ark. 286; 71 *Id.* 31; 77 *Id.* 309; 94 *Id.* 503; 48 *Id.* 277. Appellee should have recorded its deed to the timber and appellants violated no statute and committed no wrong in selling the land. Cooley on Torts (3rd ed.) p. 142; Kirby's Digest, § 763; 16 Ark. 562; approved and followed in many cases; 47 Ark. 540; 54 *Id.* 508; 70 *Id.* 256; 58 Fed. 455.

3. There was a misjoinder of parties. 58 S. W. 536; 58 L. R. A. 666; 105 Iowa 358.

4. It was error to direct a verdict. The case should have gone to a jury.

*S. F. Morton* and *Gaughan & Sifford,* for appellee.

1. The case of *Hilligas* v. *Kuns,* 26 L. R. A. (N. S.) 284 is conclusive in this. See notes. The appellants were guilty of an actionable wrong when they sold the land *and the timber* without a clause preserving the timber rights of appellee. The court properly directed a verdict. 29 Ark. 650; 43 *Id.* 467; 37 *Id.* 571; 50 *Id.* 327; 81 *Id.* 464; Kirby's Digest, § 1693, 4, 5.

2. There was no misjoinder. 62 Ark. 118; 61 *Id.* 387.

3. The verdict is not excessive.

KIRBY, J., (after stating the facts). Attorneys for appellants concede that one who conveys a tract of land and thereafter executes a second conveyance with intent to defeat the first or with knowledge that such conveyance will be used for that purpose, commits an actionable wrong against the first grantee, holding an unrecorded deed, but insist that the instant case is entirely different from such cases. If appellee had recorded its deed to the timber, the condition existing now could never have arisen, since the last grantees who were held to be innocent purchasers of the timber would have had constructive notice of appellee's title from the record, their timber deed being in the chain of title. *Gaines* v. *Summers,* 50 Ark. 327.

Our statute provides, section 1693-95, Kirby's Digest, that if a person shall be a party to any conveyance or assignment of any real estate or interest therein with intent to defraud any prior or subsequent purchaser, or if any person shall *bona fide* sell any tract or parcel of land and shall make any written deed of conveyance or other instrument of writing, assuring the title of such land to the purchaser thereof and shall afterwards sell and convey such tract of land to any subsequent purchaser, whether the subsequent purchaser have knowledge of the previous

sale or not, such person shall be deemed guilty of a misdemeanor.

Appellants contend that said section 1694 relative to the sale of lands does not apply to the facts of this case, since they had the right to sell the lands and it was not their intention to convey the timber which they did not sell. Their testimony also shows that they had no intention in fact or rather did not make the conveyance of the land to the last grantees for the purpose of defrauding the lumber company of the timber already conveyed to it as they supposed its deed was of record and would protect its interest. However, this may be, it is unquestionably true that the conveyance of the land conveyed the timber standing thereon and that this fact was well known to appellants in making the deeds thereto. They also knew that their conveyances of the land contained no reservation or exception of the timber thereon from the grant, and were chargeable of course with knowledge that the conveyances of the land without such reservation or exception of the timber, carried the timber and would have effect to defeat their prior conveyances of the timber to the lumber company if said timber conveyance was not of record and the lands were afterwards granted to a *bona fide* purchaser without notice of it. Their affirmative action in making such conveyances without proper exceptions and reservations to protect their grantee of the timber whose deed might not have been and was not recorded, had the same effect to defeat its right and defraud the grantee of the timber as though they had intended the result effected, and for which they must be held answerable. They were owners as tenants in common, each of an undivided half of the lands upon which the timber stood, and conveyed the timber thereon to the lumber company by a warranty deed granting twenty years time for its removal, and their warranty was broken, and their grantee appellee, deprived of the timber by a *bona fide* purchaser through their subsequent conveyances of the lands within said time without reservation or exception of the timber,

for the loss of which they became liable. Whether the action be regarded arising out of contract or sounding in tort, the effect is the same, since the damage would not have resulted but for their subsequent conveyances of the land without reservation or exception of the timber, and although it is true that both appellants knew that they had already conveyed the timber to the lumber company, and neither in fact intended to defeat that conveyance, or deprive said company of the timber by his conveyance to the other of his undivided half of the land, still but for his said conveyance as made, the other would not have been able to convey the lands and wrongfully deprive their grantee of the timber. In other words, the act of Koonce in making the conveyance of his undivided half of the land to his co-tenant, McKee, contributed to the result attained by the conveyance of the lands without reservation or exception of the timber, thereby causing the damage to appellee in the loss of its timber. There was therefore no misjoinder of parties as contended by appellants.

The Supreme Court of Nebraska has reached the same conclusion as to liability in a case of like kind, in a well considered opinion. *Hilligas* v. *Kuns,* 26 L. R. A. (N. S.) 284.

The testimony being undisputed as to the value of the timber, the court committed no error in directing the verdict. The judgment is affirmed.